IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOROUGH OF AVALON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-8057 (JBS/KMW) |
| UNITED STATES ARMY CORPS OF ENGINEERS and UNITED STATES DEPARTMENT OF THE INTERIOR, FISH AND WILDLIFE SERVICE, | **OPINION UPON RECONSIDERATION** |
| Defendants. | |

APPEARANCES:

Daniel A. Greenhouse, Esq.
CULLEN AND DYKMAN LLP
229 Nassau Street
Princeton, NJ 08542
    Attorney for Plaintiff

Jessica Rose O'Neill, Assistant U.S. Attorney
Office of the U.S. Attorney
District of New Jersey
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
        Attorney for Defendants

**SIMANDLE, District Judge:**

  I.   Introduction

     Plaintiff Borough of Avalon (hereinafter "Plaintiff") brought this case against the United States Army Corps of Engineers and the United States Department of the Interior, Fish and Wildlife Service (hereinafter "Defendants") alleging

violations of § 706(2)(a) of the Administrative Procedure Act (hereinafter, "the APA"), 5 U.S.C. § 706(2)(a), specifically alleging an arbitrary and capricious interpretation of the Coastal Barrier Resources Act, 16 U.S.C. § 3501, et seq. (hereinafter, "the CBRA")[1]. (See generally Complaint [Docket Item 1].) Defendants moved to dismiss the Complaint, on the basis that Plaintiff's challenge to the application of the CBRA was moot, Plaintiff lacked standing to sue, and that Plaintiff failed to identify a final agency action subject to review by this Court. (See generally Motion to Dismiss [Docket Item 15].) The Court granted Defendants' Motion to Dismiss [Docket Item 15], holding that the dispute underlying Plaintiff's Complaint is moot and that Plaintiff lacks standing to challenge the Defendants' actions, because Plaintiff's injuries are "not sufficiently concrete or imminent." Borough of Avalon v. United States Army Corps of Engineers, No. 16-8057, 2017 WL 3917138, at *6 (D.N.J. Sept. 7, 2017). However, the Court granted Plaintiff "leave to amend its Complaint in a [manner] consistent with the Court's Opinion." (Id.) Plaintiff has not filed an amended complaint.

---

[1] Plaintiff's Complaint also includes claims alleging Defendants breached obligations to Plaintiff when they did not accept the winning bids for Solicitation Number W912BU-16-B-0004 (Count II) and Defendants' actions were inconsistent with the Coastal Zone Management Act, 16 U.S.C. §§ 1451, et seq. (Complaint [Docket Item 1], ¶¶ 79-98.)

Plaintiff now moves for reconsideration of the Court's Order granting Defendants' Motion to Dismiss. (Motion for Reconsideration [Docket Item 22].) The principal issue to be decided is whether there is a "need to correct a clear error of law or fact or to prevent manifest injustice."[2] U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou—Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). For the following reasons, the Court will deny Plaintiff's motion for reconsideration.

## II. Factual and Procedural Background

The factual and procedural background of this case was thoroughly described in this Court's Opinion of September 9, 2017 and shall not be repeated herein. Borough of Avalon, 2017 WL 3917138, at *1-2.

In that Opinion, the Court held that the controversy underlying Plaintiff's Complaint was rendered moot, that the funding was in place, due to Defendants' acceptance of a bid to undertake the next phase of the Project. Id. at *3-4. The Court also held that Plaintiff's injuries, as stated in its Complaint,

---

[2] Plaintiff's brief does not rely upon any of the other bases for granting reconsideration of the Court's prior Order. (See generally Memorandum of Law in Support of Plaintiff Borough of Avalon's Motion for Reconsideration [Docket Item 22-2].) Therefore, the Court shall only address this basis herein.

are "not sufficiently concrete or imminent to create standing." Id. at *6. "As the Court [dismissed the] matter on standing [and mootness] grounds," the Opinion did not address whether the case presented "a final agency action subject to judicial review." Id.

**III. Standard of Review**

Local Civil Rule 7.1 allows a party to seek a motion for reconsideration or re-argument of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. See DeLong v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); see also Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

4

U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 848-49 (3d Cir. 2014) (citing Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. U.S. v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV. Discussion

Plaintiff argues that reconsideration is warranted because the Court discounted the likelihood of Defendants' challenged interpretation of the CBRA giving rise to future injuries to Plaintiff. (Memorandum of Law in Support of Plaintiff Borough of Avalon's Motion for Reconsideration (hereinafter, "Pl.'s Br.") [Docket Item 22-2], 2-3.) Additionally, Plaintiff asserts that it has standing to bring this suit because "Defendants' recent CBRA determination . . . is in direct contradiction to the Feasibility Study," which Plaintiff "has long relied on . . . to

5

plan and govern for the protection of the public health and safety of its citizens." (Id. at 11.)

Defendants oppose Plaintiff's motion for reconsideration, arguing that "Plaintiff merely disagrees with the Court's decision" and that Plaintiff is seeking to "expand[] the record to include matters not originally before the [C]ourt." (Response in Opposition to Plaintiff's Motion for Reconsideration (hereinafter, "Defs.' Opp'n") [Docket Item 24], 4.) Defendants further assert that Plaintiff's alleged injury "remains speculative and hypothetical." (Id.)

As noted, supra, Plaintiff does not argue that there has been an intervening change in the law governing this case or that there is new evidence that was unavailable when the Court decided the underlying motion for summary judgment.[3] Therefore, the only remaining basis for reconsideration is the need to correct a clear error of law or fact present in the court's

---

[3] Plaintiff has submitted, in conjunction with the present motion, a document which was not previously provided during the Court's consideration of Defendants' motion to dismiss and which Plaintiff does not assert was unavailable at that time. (See Certification of Scott Wahl [Docket Item 23].) However, "'[t]he [C]ourt will not, at a late date, consider evidence, which could and should have been submitted earlier. The court is bound not to consider such new materials, lest the strictures of the reconsideration rule erode entirely.'" Ciarrocchi v. Unum Grp., No. 08-1704, 2011 WL 4729018, at *2 (D.N.J. Oct. 5, 2011) (quoting Damiano v. Sony Music Entertainment, 975 F.Supp. 623, 635 (D.N.J. 1997)). Therefore, the Court shall not consider Plaintiff's new document, "which could and should have been submitted earlier."

6

previous opinion. To establish the need to correct a clear error of law or fact, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted). Mere disagreement with the Court's determination is not a basis for reconsideration. Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Here, Plaintiff argues that "the Court's dismissal of [Plaintiff's] Complaint for mootness and lack of standing is based on clear errors of law which will result in a manifest injustice to" Plaintiff. (See Pl.'s Br. [Docket Item 22-2], 1.) The Court disagrees.

**A. Mootness**

With regard to mootness, Plaintiff asserts that Defendants' CBRA determination is likely to give rise to future injuries to Plaintiff and that the dispute underlying this case "is live, consequential, and not moot." (Pl.'s Br. [Docket Item 22-2], 2-3, 6.) In its prior Opinion, this Court held that Plaintiff's request for an injunction "is indeed moot" because Defendants had accepted a bid to begin the project sought by Plaintiff. Borough of Avalon, 2017 WL 3917138, at *4. Additionally, the Court held that Plaintiff's request for declaratory judgment is moot because while Defendants' CBRA determination "possibly

7

could [apply to Plaintiff's beach] again over the course of the fifty-year Project, Plaintiff makes no argument and the Court sees no reason that this matter evades future judicial review." (Id. at 12.) Article III does not grant federal courts the power to adjudicate hypothetical future disputes involving circumstances that are not imminent and may never come to pass.

In its present motion, Plaintiff asserts that the Court retains the power to order injunctive relief even after the cessation of the conduct complained of. (See Pl.'s Br. [Docket Item 22-2], 6.) To support this assertion, Plaintiff cites extensively to the case of United States v. W.T. Grant Co., 345 U.S. 629 (1953). (See id. at 6-7.) However, Plaintiff did not cite W.T. Grant in its briefing related to Defendants' earlier motion to dismiss, nor does Plaintiff explain what factual or legal issue related to mootness was presented to the Court previously but overlooked. (See generally Letter Brief [Docket Item 16-2]; Pl.'s Br. [Docket Item 22-2].) Matters not presented were not "overlooked." Therefore, as Plaintiff fails to identify an issue related to mootness that the Court overlooked in its prior decision, the Court shall deny Plaintiff's motion for reconsideration on this basis.

**B. Standing**

Concerning lack of standing, Plaintiff argues that the Court's prior decision "misapplied the facts of this case to the

inquiry of whether Plaintiff has standing." (Pl.'s Br. [Docket Item 22-2], 12.) In its prior Opinion, this Court held that Plaintiff's alleged harms were "insufficiently concrete to satisfy the requirements of Article III standing as they are more abstract than real." Borough of Avalon, 2017 WL 3917138, at *5 (citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016). The Court further noted that "[t]he initial phase of the Project has already been completed and there is no evidence future phases will not occur, so these injuries are both speculative and not fairly traceable to Defendants' actions, indicating these harms also cannot establish standing in the present case." (Id. at 15 n.12.)

In its present motion, Plaintiff does not point to any evidence or legal standard that the Court overlooked in its prior Opinion that supports a conclusion that Plaintiff's alleged harms are concrete or imminent. (Pl.'s Br. [Docket Item 22-2], 11-14.) Plaintiff asserts that it "is a primary beneficiary of the Project," and that the Project "has been thrown into complete disarray." (Id. at 11.) However, Plaintiff's present motion does not allege that the Project has been or will be canceled, nor does it identify what concrete, particularized, and imminent harm it has suffered or will suffer

as a result of the alleged "disarray."[4] (See generally id.) Therefore, Plaintiff still fails to allege a sufficient injury to establish standing to bring this suit and the Court shall deny Plaintiff's motion for reconsideration on this basis.

Accordingly, Plaintiff's motion for reconsideration is denied.

**V.    Conclusion**

For the reasons explained above, Plaintiff's motion for reconsideration [Docket Item 22] will be denied.

An accompanying Order will be entered.


**September 5, 2018**                         s/ Jerome B. Simandle
Date                                          JEROME B. SIMANDLE
                                              U.S. District Judge

---

[4] Plaintiff also does not cite any legal authority for holding "disarray" to be a cognizable injury for the purposes of Article III standing. (See generally Pl.'s Br. [Docket Item 22-2].)